No. 174
STATE ex rel v. PATTERSON
Ohio Court of Appeals, Montgomery County
No. 517, January 1, 1923
Full Opinion, Dayton Daily Legal News, Jan. 24, 1923
WRIT OF PROHIBITION—Not a substitute for habeas corpus .
BY THE COURT:
Error to Common Pleas Court
Epitomized Opinion

Action brought by David T. Jones, sheriff, against the defendant as one of the common pleas judges of Montgomery county.

It is clearly settled that writs of prohibition should not be issued as a substitute for a writ of error; or where error affords a complete and adequate remedy, and that this extends to questions of jurisdiction, and the court against which the writ of prohibition is sought. Such a writ will not be issued prohibiting the court of common pleas from determining its own jurisdiction where jurisdiction of the subject matter has been conferred upon that court by the laws of the state, 98 OS. 164.

Jurisdiction is conferred upon the common pleas in habeas corpus cases, and its remedy for the wrong use of writ is therefore by prosecuting error, and not by writ of habeas corpus.

As the case now stands, petition in error affords an adequate remedy and the issuance of the writ of prohibition is vacated, and the petition dismissed.
Attorneys:

No. 175
POMERANSKY v. STATE
Ohio Court of Appeals, Cuyahoga County
No. 4285. Jan. 22, 1923
EVIDENCE—(1) Admission of improper evidence on one count of an indictment on which defendant is acquitted—(2) Admission of improper evidence when no exception is taken—(3) Instruction of jury regarding evidence of accomplice.
Error to Cuyahoga Court of Common Pleas
SULLIVAN, P. J.:
Epitomized Opinion

This opinion has appeared only in The Abstract.

Pomeransky was found guilty of receiving stolen property under an indictment charging in one count burglary and larceny and, in another the receiving of stolen property. Pomeransky, on the autthority of Lind v. State decided by the Cuyahoga court of appeals, now objects to the admission of testimony in the trial court in the nature of statements from a policeman which was not in the natural of a voluntary confession by Pomeransky. Pomeransky did not at the trial take an exception to the admission of the evidence. The court also neglected to charge the jury as to their duty of weighing the testimony of the accomplice and Pomeransky did not request such charge. Held by court of appeals in affirming the conviction:

1. Admission of incompetent evidence relative to one count of an indictment but having no relation to the other count, is not error prejudicial to the defendant if the defendant is acquitted on the first count.

2. Admission of incompetent evidence is not prejudicial error if counsel doees not take an exception to such admission.

3. A charge by the court to the jury instructing them that it was their duty to determine the weight of evidence includes the instruction to weigh the testimony of the accomplice. When the court only partially charges the jury it devolves upon the

counsel to request a charge correcting the omission.
Attorneys—D. R. Rothkopf, for Pomeransky; E. C. Stanton, Pros., for State.

No. 176
FEYSES v. HAJEK
Ohio Court of Appeals, Cuyahoga County
No. 4107. Jan. 15, 1923
PROMISORY NOTE—(1) Burden of proof when defense is lack of consideration.
Error to Municipal Court of Cleveland
SAYRE, P. J.:
Epitomized Opinion

This opinion has appeared only in The Abstract.

Hajek gave to Feyses a promisory note for $1900 and at another time received from Feyses a promisory note for $115. Feyses brings suit on the note for $1900, and the defense is that said note was given without consideration. Hajek also in a counter-claim brings action on the $115 note and the defense is, in effect, lack of consideration. The trial court in its charge to the jury left in doubt the question as to which of the parties should have the burden of proving lack of consideration as a defense. Held:

1. In a suit on a promisory note where the defense is lack of consideration the burden of proof is on the plaintiff. Consequently in this case on the counter-claim the burden of proof was on the defendant.
Attorneys—Ralph Blue, for Feyses; H. W. Ewing, for Hajek.